Prob 12B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
## WITH CONSENT OF THE OFFENDER

*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | **CHARLES GRIMES** |
| **Docket Number:** | 1:05CR00325-01 OWW |
| **Offender Address:** | Fresno, California |
| **Judicial Officer:** | Honorable Oliver W. Wanger<br>Senior United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | December 12, 2006 |
| **Original Offense:** | 18 USC 922(g)(1), Felon in Possession of a Firearm (CLASS C FELONY) |
| **Original Sentence:** | 37 months Bureau of Prisons; 36 months supervised release; $100 special assessment; mandatory drug testing. |
| **Special Conditions:** | 1) Search; 2) Drug/alcohol treatment; 3) Drug/alcohol testing; 4) Aftercare co-payment. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | October 3, 2008 |
| **Assistant U.S. Attorney:** | Kimberly A. Sanchez  **Telephone:** (559) 497-4000 |
| **Defense Attorney:** | Eric V. Kersten  **Telephone:** (559) 487-5561 |

RE: **CHARLES GRIMES**
Docket Number: 1:05CR00325-01 OWW
<u>PETITION TO MODIFY THE CONDITIONS OR TERM
OF SUPERVISION WITH CONSENT OF THE OFFENDER</u>

**Other Court Action:**

<u>February 2, 2009</u>: Per Probation Form 12A1 (Report of Offender Non-Compliance), the Court was advised that the offender submitted a urine sample which revealed the use of marijuana and he missed drug tests. As a result, the offender's drug testing schedule and individual drug counseling sessions were increased. The Court approved the probation officer's plan and ordered that no further action be taken.

### PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

1. The offender shall reside at the Residential Re-Entry Center - Turning Point for a period up to 120 days; said placement shall commence at the direction of the probation officer, pursuant to 18 USC 3563(b)(11). The defendant shall pay the cost of confinement as determined by the Bureau of Prisons. Furthermore, the offender shall not discharge from the program unless given permission from the director of the program or the United States Probation Officer.

2. The defendant shall complete 20 hours of unpaid community service per week, as directed by the probation officer, until employed for at least 30 hours per week.

3. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

4. As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient).

### NON-COMPLIANCE SUMMARY

RE: **CHARLES GRIMES**
Docket Number: 1:05CR00325-01 OWW
PETITION TO MODIFY THE CONDITIONS OR TERM
OF SUPERVISION WITH CONSENT OF THE OFFENDER

1. **ILLICIT DRUG USE**

**Details of alleged non-compliance:** On March 7, 2009, and March 9, 2009, the offender submitted random urine samples which revealed the use of phencyclidine (PCP). This is a violation of the general condition that he refrain from any unlawful use of a controlled substance.

2. **FAILURE TO OBTAIN EMPLOYMENT**

**Details of alleged non-compliance:** On October 3, 2008, the offender's 36-month term of supervised release commenced. Since that time, he has failed to secure gainful employment. This is a violation of standard condition number 5, to wit: *"The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons."*

**Justification:** The above-referenced violations represent the second occasion in which the Court is being advised of non-compliant behavior exhibited by the offender. Upon being confronted regarding his continued illegal drug use, the offender advised that he inadvertently ingested PCP. Specifically, while "hanging out" with some male friends and female strippers, the offender reportedly consumed "a fifth of brandy." While intoxicated, one of the females provided him with what he believed to be a "normal cigarette." The offender proceeded to smoke "one large hit" off the cigarette and later learned that it was laced with PCP, which he referred to as "dust." Immediately thereafter, he became angry because he did not realize the cigarette was laced.

The probation officer proceeded to sternly admonish the offender for his continued substance abuse. While he believes his intoxicated state contributed to his drug abuse, the offender advised that he is experiencing a great deal of anger pertaining to numerous unresolved issues in his life. He further advised that he believes these unresolved issues have also been a contributing factor to his continuous substance abuse. As such, he expressed his desire to participate in mental health treatment which he believes would be beneficial to his well-being.

Rev. 05/2008
VIOLATION__PETITION (PROB12B)
(MODIFICATION).MRG

**RE:   CHARLES GRIMES**
       Docket Number: 1:05CR00325-01 OWW
       <u>PETITION TO MODIFY THE CONDITIONS OR TERM
       OF SUPERVISION WITH CONSENT OF THE OFFENDER</u>

Based on the instant violations, the offender clearly appears to be "spiraling out of control" and his re-occurring lifestyle involving substance abuse, as well as his recent alcohol abuse, must be addressed. While he obviously requires additional structure in his life, the probation officer is reluctant in recommending that the offender's term of supervised release be revoked at this time. Moreover, it is respectfully recommended that he be afforded the opportunity to redeem himself and exhibit positive progress on supervision. A significant factor considered in this decision is the fact that the offender acknowledges that his life requires additional structure at this time.

Based on the above, he has agreed that a placement at the Residential Re-Entry Center (RRC), Turning Point, for a period of up to 120 days appears appropriate at this time. Such placement will provide the offender with a more confined environment and will hopefully encourage him to make greater efforts toward leading an alcohol and drug-free lifestyle. It will also serve as adequate deterrence and punishment for the instant violations. Furthermore, such placement will require the offender to actively seek gainful employment, as well as continue to participate in substance abuse treatment. It is noted that the offender will continue to be subject to random drug testing while at the RRC. He will also be subject to breath tests to determine if he has consumed alcohol.

Because the offender has failed to secure gainful employment over the past several months, it is recommended that he be ordered to complete 20 hours of unpaid community service per week, until employed for at least 30 hours per week. In light of the offender's remarks that his use of alcohol contributed to his substance abuse, it is further recommended the Court impose a special condition of supervision prohibiting him from the use of alcoholic beverages.

Finally, it is recommended that a special condition for mental health treatment be imposed, as the offender has expressed his desire to participate in therapy to appropriately address unresolved issues in his life, which he believes may have contributed to his recent non-compliance. Such services would hopefully assist the offender in coping with negative issues in his life which in turn could result in a better quality of life.

RE: **CHARLES GRIMES**
   Docket Number: 1:05CR00325-01 OWW
   **PETITION TO MODIFY THE CONDITIONS OR TERM**
   **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

The offender has acknowledged his willingness to modify his conditions by signing a Waiver of Hearing to Modify Conditions of Supervised Release, which is attached for the Court's review.

Respectfully submitted,

/s/ Brian J. Bedrosian

**BRIAN J. BEDROSIAN**
**United States Probation Officer**
Telephone: (559) 499-5721

**DATED:** March 20, 2009
Fresno, California
BB


**REVIEWED BY:**   /s/ Hubert J. Alvarez
**HUBERT J. ALVAREZ**
**Supervising United States Probation Officer**

---

**THE COURT ORDERS:**

( X ) Modification approved as recommended.

(  ) Modification not approved at this time. Probation Officer to contact Court.

(  ) Other:

IT IS SO ORDERED.

**Dated:  March 24, 2009**           /s/ Oliver W. Wanger
                                UNITED STATES DISTRICT JUDGE